MJD/eam/ 627014                           No. 46239                                    240-495

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) | |
| HARTFORD INSURANCE COMPANY OF THE | ) | |
| MIDWEST, and HARTFORD CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| EXP PHARMACEUTICAL SERVICES CORP. and | ) | |
| GLEN ELLYN PHARMACY, INC. | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME the Plaintiffs, Hartford Fire Insurance Company ("Hartford Fire"), Hartford

Insurance Company of the Midwest ("Hartford Midwest"), and Hartford Casualty Insurance

Company ("Hartford Casualty")(referred to collectively herein as "Hartford"), by and through

their attorneys, Tressler LLP, and for their Complaint for Declaratory Judgment against the

Defendants EXP Pharmaceutical Services Corp. ("EXP"), and Glen Ellyn Pharmacy, Inc. ("Glen

Ellyn"), pursuant to 28 U.S.C. §2201, states as follows:

## STATEMENT OF THE CASE

1.      This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Hartford owes

no insurance coverage obligations to EXP under policies of insurance issued by Hartford Fire,

Hartford Midwest, and Hartford Casualty to EXP in connection with a lawsuit filed against EXP

by Glen Ellyn styled, *Glen Ellyn Pharmacy, Inc., on behalf of plaintiff and the class members*

*defined herein v. EXP Pharmaceutical Services Corp. and John Does 1-10*, Case No. 14-cv-08132

(United States District Court for the Northern District of Illinois, Eastern Division)(the "GEP

Lawsuit" or the "Underlying Action").

## PARTIES

2.    Plaintiff, Hartford Fire Insurance Company is an insurance company formed

under the laws of the State of Connecticut, with its principal place of business in Connecticut.

Hartford Fire conducts business in Illinois.

3.    Plaintiff, Hartford Insurance Company of the Midwest is an insurance company

formed under the laws of the State of Connecticut, with its principal place of business in

Connecticut.  Hartford Midwest conducts business in Illinois.

4.    Plaintiff, Hartford Casualty Insurance Company is an insurance company formed

under the laws of the State of Connecticut, with its principal place of business in Connecticut.

Hartford Casualty conducts business in Illinois.

5.    Upon information and belief, Defendant EXP is a California Corporation with its

principal place of business in California.  EXP conducts business in Illinois.

6.    Upon information and belief, Defendant Glen Ellyn is an Illinois Corporation with

its principal place of business in Illinois.  Glen Ellyn is named solely as an interested party to be

bound by the judgment herein.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the

parties are citizens of different states.

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case involves a claim for coverage under liability insurance policies issued to a corporation that transacts business in Illinois, and arises out of an incident that occurred in Illinois, and Defendant Glen Ellyn is an Illinois Corporation.

## BACKGROUND

9.    The GEP Lawsuit is a putative class action lawsuit, filed on October 17, 2014, challenging EXP's alleged practice of sending unsolicited faxes to fax machines in Illinois without the recipient's permission to receive the subject faxes in violation of the federal Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"). A true and correct copy of the GEP Complaint is attached hereto as Exhibit A.

10.    EXP tendered the GEP Lawsuit to Hartford requesting defense and/or indemnification under the Hartford Policies.

11.    Hartford has denied any obligation to provide EXP with a defense and/or indemnification in connection with the GEP Lawsuit.

12.    It is Hartford's position that it owes no obligation to provide EXP with a defense and/or indemnification in connection with the GEP Lawsuit under the Hartford Policies.

13.    An actual controversy exists between the Plaintiff and the Defendants concerning the parties' rights and obligations with respect to the claims in the GEP Lawsuit under the Hartford Policies, and pursuant to 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## THE HARTFORD POLICIES

14.     Hartford Midwest issued Special Multi-Flex Policy No. 57 UEN AT7571, effective September 6, 2013 through May 14, 2014.  Hartford Fire issued Special Multi-Flex Policy No. 57 UUN IZ8599, effective May 14, 2014 through May 14, 2015.   The 2014-2015 Policy contains a Commercial General Liability Coverage Form issued by Hartford Midwest.  A true and correct copy of the 2013-2014 Hartford Policy is attached hereto as Exhibit B.   A true and correct copy of the 2014-2015 Hartford Policy is attached hereto as Exhibit C.

15.     The Insuring Agreement for Coverage A – Bodily Injury and Property Damage Liability - of the Hartford Policies' Commercial General Liability Coverage Form provides in part:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

*     *     *

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

*     *     *

b.      This insurance applies to "bodily injury" and "property damage" only if:

4

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \*

See Exhibits B and C.

16. Coverage A – Bodily Injury and Property Damage Liability - of the Hartford Policies contains the following exclusion:

\* \* \*

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\* \* \*

See Exhibits B and C.

17. The Insuring Agreement for Coverage B – Personal and Advertising Injury Liability - of the Hartford Policies provides in part:

\* \* \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense, and settle any claim or "suit" that may result. But:

\*   \*   \*

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\*   \*   \*

See Exhibits B and C.

18.  Coverage B – Personal and Advertising Injury Liability - of the Hartford Policies contains the following exclusion:

2.  **Exclusions**

This insurance does not apply to:

\*   \*   \*

q.  **Right of Privacy Created By Statute**

"Personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act.

\*   \*   \*

6

<u>See</u> Exhibits B and C.

19. The Hartford Policies contain the following definitions:

**SECTION V – DEFINITIONS**

\*       \*       \*

5. "Bodily injury" means physical:

a. Injury;

b. Sickness; or

c. Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*       \*       \*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention, or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral, written or electronic publication of material that violates a person's right of privacy;

f.  Copying in your "advertisement" a person's or organization's "advertising idea" or style of "advertisement";

g.  Infringement of copyright, slogan or title of any literary or artistic work, in your "advertisement"; or

h.  Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\*     \*     \*

20.  "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, computerized or electronically stored data, programs, or software are not tangible property. Electronic data means information, facts or programs:

a.  Stored as or on;

b.  Created or used on; or

c.  Transmitting to or from;

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*     \*     \*

See Exhibits B and C.

8

20.     The Hartford Policies contain an Endorsement titled "Amendment of Exclusions and Definition – Personal and Advertising Injury" which provides in part:

C.     Paragraphs **c.** and **h.** of the definition of "personal and advertising injury" in the **Definitions** Section are replaced by the following:

"Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;

h.     Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person.

\*     \*     \*

<u>See</u> Exhibits B and C.

21.     The Hartford Policies contain the following Endorsement:

### RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.     The following exclusion is added to Paragraph **2.**, **Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability**:

2.     **Exclusions**

This insurance does not apply to:

**Recording And Distribution of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

9

a.    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

b.    The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

c.    The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

d.    Any federal, state, or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003, or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

B.    The following exclusion is added to **Paragraph 2., Exclusions** of Section I — **Coverage B – Personal and Advertising Injury Liability:**

2.    **Exclusions**

This insurance does not apply to:

**Recording And Distribution of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a.    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b.    The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

c.    the Fair Credit Reporting Act (FCRA) and any amendment of or addition to such law, including

10

the Fair and Accurate Credit Transaction Act (FACTA); or

d.     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\*      \*      \*

See Exhibits B and C.

22.     Hartford Casualty Insurance Company issued Umbrella Liability Insurance Policy No. 57 RHU AT7435, effective September 6, 2013 through May 14, 2014 and Umbrella Liability Insurance Policy No. 57 RHU AT7435, effective May 14, 2014 through May 14, 2015.   A true and correct copy of the 2013-2014 Hartford Umbrella Policy is attached hereto as Exhibit D.   A true and correct copy of the 2014-2015 Hartford Umbrella Policy is attached hereto as Exhibit E.

23.     The Insuring Agreement to the Hartford Umbrella Policies provides in part:

**UMBRELLA LIABILITY POLICY PROVISIONS**

\*      \*      \*

**SECTION I – COVERAGES**

**INSURING AGREEMENTS**

**A.     Umbrella Liability Insurance**

1.     We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence."

11

But, the amount we will pay as damages is limited as described in **Section IV – LIMITS OF INSURANCE.**

\* \* \*

2. This insurance applies to "bodily injury," "property damage" or "personal and advertising injury" only if:

a. The "bodily injury," "property damage" or "personal and advertising injury" occurs during the policy period; and

\* \* \*

See Exhibits D and E.

24. The Hartford Umbrella Policies contain the following Exclusion:

**B. Exclusions**

This policy does not apply to:

\* \* \*

**14. Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

See Exhibits D and E.

25. The Hartford Umbrella Policies contain the following Definitions:

**SECTION VII – DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

12

\*       \*       \*

**"Damages"** include prejudgment interest awarded against the "insured" on that part of the judgment we pay.

"Damages" do not include:

1.     Fines;

2.     Penalties; or

3.     Damages for which insurance is prohibited by the law applicable to the construction of this policy.

Subject to the foregoing, "damages" include damages for any of the following which result at any time from "bodily injury" to which this policy applies:

1.     Death;

2.     Mental anguish;

3.     Shock;

4.     Disability; or

5.     Care and loss of services or consortium.

\*       \*       \*

**"Occurrence"** means:

1.     With respect to "bodily injury" or "property damage" an accident, including continuous or repeated exposure to substantially the same general harmful conditions, and

2.     With respect to "personal and advertising injury," an offense described in one of the numbered subdivisions of that definition in the "underlying insurance."

\*       \*       \*

See Exhibits D and E.

13

26. The Harford Umbrella Policies contain the following Endorsement:

**RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXLCUSION**

This endorsement modifies insurance provided under the following:

UMBRELLA LIABILITY POLICY

The following exclusion is added to Paragraph **B., Exclusions** of Section **I – Coverages** (for Virginia policyholders with Umbrella Liability Policy Provisions form XL 0015, this exclusion replaces the Distribution of Material In Violation of Statutes exclusion under Paragraph **B.** of Section **I – Coverages):**

This policy does not apply to:

**Recording And Distribution Of Material Or Information In Violation Of Law**

Any injury, damage, loss, cost or expense, including but not limited to "bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

c. The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

d. Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003, or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of material or information.

14

* * *

See Exhibits D and E.

27.    The Harford Umbrella Policies contain the following Endorsement:


**FOLLOWING FORM ENDORSEMENT – PERSONAL AND
ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

UMBRELLA LIABILITY POLICY

Exclusion **B.4 (Section I – Coverages)**, is replaced by the following:

**4.    Personal and Advertising Injury**

This policy does not apply to "personal and advertising injury."

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance," but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit' to which "underlying insurance" does not apply.

Any coverage restored by this **EXCEPTION** applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

* * *

See Exhibits D and E.

## COUNT I

### No Claim For "Bodily Injury" or "Property Damage"
### Caused By An "Occurrence"

27.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 27 as if fully set forth herein.

28.     Subject to all of the terms and conditions of the Hartford Policies, the Policies provide coverage for claims for damages against an insured because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used by the Hartford Policies.

29.     The claims against EXP in the GEP Lawsuit do not allege "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined by the Hartford Policies.  Consequently, there is no liability coverage under the Hartford Policies and Hartford has no duty to defend or indemnify EXP for the claims in the GEP Lawsuit.

## COUNT II

### No Claim For "Personal and Advertising Injury"

30.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 27 as if fully set forth herein.

31.     Subject to all of the terms and conditions of the Hartford Primary Policies, the Primary Policies provide coverage for claims for damages against an insured because of "personal and advertising injury" as that term is defined by the Hartford Policies.

32.     The claims against EXP in the GEP Lawsuit do not allege "personal and advertising injury" as that term is defined by the Hartford Policies.  Consequently, there is no

liability coverage under the Hartford Policies and Hartford has no duty to defend or indemnify EXP for the claims in the GEP Lawsuit.

## COUNT III

### No Claim for "Damages"

33.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 as if fully set forth herein.

34.     Subject to all of the terms and conditions of the Hartford Policies, the Policies provide coverage for claims against an insured which seek "damages" because of "bodily injury," "property damage" or "personal and advertising injury" as those terms are defined and used by the Hartford Policies.

35.     The claims against EXP in the GEP Lawsuit do not seek "damages" because of "bodily injury," "property damage" or "personal and advertising injury" as those terms are defined and used by the Hartford Policies.  Consequently, there is no liability coverage under the Hartford Policies and Hartford has no duty to defend or indemnify EXP for the claims in the GEP Lawsuit.

## COUNT IV

### The Right Of Privacy Created By Statute Exclusion Precludes Coverage

36.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 27 as if fully set forth herein.

37.     The Hartford Primary Policies preclude coverage for any claims against an insured for "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

38.     The claims against EXP in the GEP Lawsuit fall within the Right Of Privacy Created By Statute Exclusion in the Hartford Primary Policies.  Consequently, there is no liability coverage under the Hartford Policies and Hartford has no duty to defend or indemnify EXP for the claims in the GEP Lawsuit.

## COUNT V

### The Personal and Advertising Injury Exclusion Precludes Coverage.

39.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 27 as if fully set forth herein.

40.     The Hartford Umbrella Policies preclude coverage for any claims against an insured for "personal and advertising injury."

41.     The Exception to the Personal and Advertising Injury Exclusion is inapplicable to any claim or "suit" to which "underlying insurance does not apply."  The Hartford Primary Policies do not afford Personal and Advertising Injury coverage for the GEP Lawsuit. Consequently, there is no liability coverage under the Hartford Umbrella Policies and Hartford has no duty to defend or indemnify EXP for the claims in the GEP Lawsuit.

## COUNT VI

### The Recording and Distribution Of Material Or Information In Violation Of Law Exclusion Precludes Coverage

42.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 27 as if fully set forth herein.

43.     The Hartford Policies preclude coverage for claims for "damages" because of "bodily injury," "property damage" or "personal and advertising injury" arising directly or indirectly out of any act or omission that violates or is alleged to violate any statute, ordinance

or regulation that prohibits or limits the sending, transmitting or communicating material or information.

44.     The claims against EXP in the GEP Lawsuit fall within the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion in the Hartford Policies. Consequently, there is no liability coverage under the Hartford Policies and Hartford has no duty to defend or indemnify EXP for the claims in the GEP Lawsuit.

## COUNT VII

### The Expected or Intended Injury Exclusion Precludes Coverage

45.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 27 as if fully set forth herein.

46.     The Hartford Policies preclude coverage for claims for "damages" because of "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

47.     The claims against EXP in the GEP Lawsuit fall within the Expected or Intended Injury Exclusions in the Hartford Policies. Consequently, there is no liability coverage under the Hartford Policies and Hartford has no duty to defend or indemnify EXP for the claims in the GEP Lawsuit.

WHEREFORE, Plaintiffs Hartford Fire, Hartford Midwest and Hartford Casualty pray that this Court:

        A.     Enter judgment in Hartford's favor and against Defendants declaring that Hartford owes no duty to defend or indemnify EXP for the claims in the GEP Lawsuit under the Hartford Fire, Hartford Midwest, and Hartford Casualty Policies; and

B.      Award Hartford such other and further relief as the Court deems just and

proper, including an award of costs.


Respectfully Submitted:



By:   /s/ Michael J. Duffy
                        One of the Attorneys for Hartford



Michael J. Duffy
Elizabeth M. McGarry
Tressler LLP
233 S. Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 627-4000
(312) 627-1717 (fax)